IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TRACY JOEVAUN McGILL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 07-CV-041-TCK-PJC |
| ) | |
| JUSTIN JONES, Director of the Oklahoma ) | |
| Department of Corrections, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

Before the Court are Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations (Dkt. # 15) and Petitioner's motion for equitable tolling (Dkt. # 18). Respondent's motion to dismiss is premised on 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which imposes a one-year limitations period on habeas corpus petitions. In response to the motion to dismiss, Petitioner, a state inmate appearing *pro se*, filed a motion for equitable tolling (Dkt. # 18), along with a supporting brief (Dkt. # 19). For the reasons discussed below, the Court finds Petitioner failed to seek habeas corpus relief prior to expiration of the limitations period. The Court further finds that Petitioner is not entitled to equitable tolling of the limitations period. Therefore, the motion to dismiss shall be granted and the petition for writ of habeas corpus shall be dismissed with prejudice. Petitioner's motion for equitable tolling shall be denied.

As a preliminary matter, the Court notes that in the brief in support of the motion to dismiss, counsel for Respondent asserts that pursuant to Rule 2(a), *Rules Governing Habeas Corpus Cases*, the proper party respondent in this matter is Justin Jones, Director of the Oklahoma Department of

Corrections. The Court agrees. Therefore, Justin Jones, Director of the Oklahoma Department of Corrections, shall be substituted as the proper respondent.

## *BACKGROUND*

On February 27, 2001, Petitioner was convicted on his pleas of guilty of two (2) counts of First Degree Murder, in Tulsa County District Court, Case No. CF-2000-4326. See Dkt. # 16, Ex. 4. Petitioner negotiated his guilty pleas in exchange for avoiding the possibility of being sentenced to death if he proceeded to trial. See Dkt. # 16, Ex. 1. On April 6, 2001, Petitioner was sentenced to life imprisonment without the possibility of parole on each count, to be served concurrently. Id., Ex. 4. During pretrial proceedings, at the change of plea hearing, and at sentencing, Petitioner was represented by retained counsel, Allen Smallwood. Id. Mr. Smallwood was allowed to withdraw at the conclusion of the sentencing hearing, and the Public Defender was appointed to represent Petitioner on appeal. Id.

On April 16, 2001, Petitioner filed a motion to withdraw his guilty pleas. Id. On May 4, 2001, the trial court held a hearing on the motion. Id. At the conclusion of the hearing, the motion to withdraw guilty pleas was denied. Id. Petitioner perfected a *certiorari* appeal to the Oklahoma Court of Criminal Appeals ("OCCA"). On December 13, 2001, in No. C-2001-588, the OCCA denied the petition for writ of *certiorari*. See Dkt. # 16, Ex. 1. Petitioner did not seek *certiorari* review in the United States Supreme Court.

On January 29, 2004, Petitioner filed an application for post-conviction relief. See Dkt. # 16, Ex. 4. By order filed March 25, 2004, the request for post-conviction relief was denied. See id., Ex. 2. Petitioner appealed the district court's order denying post-conviction relief to the OCCA. By Order filed June 28, 2004, in No. PC-2004-0407, the OCCA affirmed the state district court's denial

of post-conviction relief. See id., Ex. 3. The record also indicates that Petitioner filed a second application for post-conviction relief on October 13, 2005. See id., Ex. 4. That application was denied on November 18, 2005. Id. Petitioner did not appeal.

Petitioner commenced federal habeas corpus proceedings by filing his petition on December 20, 2006, in the United States District Court for the Western District of Oklahoma. See Dkt. # 1. The action was transferred to this Court where it was received on January 17, 2007. See Dkt. # 4.

## *ANALYSIS*

The AEDPA, enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but can also commence under the terms of § 2244(d)(1)(B), (C), and (D). In addition, the limitations period is tolled or suspended during the pendency of a state

application for post-conviction relief properly filed during the limitations period. § 2244(d)(2).

Application of 28 U.S.C. § 2244(d)(1)(A) to the instant case leads to the conclusion that this habeas petition was filed after the expiration of the one-year limitations period. Petitioner's conviction became final on March 13, 2002, after the 90 day time period for filing a petition for writ of *certiorari* in the United States Supreme Court had lapsed. See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001). As a result, his one-year limitations clock began to run on March 13, 2002, and, absent a tolling event, a federal petition for writ of habeas corpus filed after March 13, 2003, would be untimely. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003).

Although the limitations period would be tolled during the time when Petitioner had "a properly filed application for State post-conviction or other collateral review" pending in the state courts, § 2244(d)(2), the Court finds that in this case, Petitioner did not file an application for post-conviction relief during the one year limitations period. Petitioner's applications for post-conviction relief do not toll the limitations period because they were filed on January 29, 2004, and October 13, 2005, or well after the limitations period had already expired on March 13, 2003. A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations. Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). Only post-conviction applications properly filed during the one year limitations period can toll the running of the period. Moore v. Gibson, 250 F.3d 1295, 1298-99 (10th Cir. 2001). Therefore, unless Petitioner demonstrates that he is entitled to other statutory or equitable tolling of the limitations period, his petition, filed December 20, 2006, or more than three (3) years after expiration of the limitations period, is clearly untimely.

In response to the motion to dismiss, see Dkt. # 13, Petitioner filed a motion for equitable

tolling and supporting brief (Dkt. #s 18 and 19). The statute of limitations contained in § 2244(d) is not jurisdictional and may be subject to equitable tolling, where extraordinary circumstances beyond the prisoner's control prevent him from timely filing his petition, but the prisoner must demonstrate he has diligently pursued his claims to avail himself of equitable tolling. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir.1998); see also Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). In his motion for equitable tolling and supporting brief, Petitioner asserts that Tulsa County District Court lacked personal jurisdiction to enter judgment against him. See Dkt. # 19. He contends that as a result, "this court may apply the doctrine of Equitable Tolling to the statute of limitations due to Petitioner's exceptional circumstances and issue the writ." Id. The Court disagrees, however, and finds that the arguments asserted by Petitioner go to the merits of claims asserted in the petition for writ of habeas corpus, and do not explain Petitioner's lack of diligence in pursuing his federal claims. The Court concludes that Petitioner has not met the burden of pleading "rare and exceptional circumstances" sufficient to warrant equitable tolling. Gibson, 232 F.3d at 808 (finding that AEDPA's statute of limitations is subject to equitable tolling in "rare and exceptional circumstances"). Petitioner simply did not pursue his federal claims diligently. As a result, Petitioner is not entitled to equitable tolling and his motion shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Justin Jones, Director of the Oklahoma Department of Corrections, is **substituted** as Respondent in place of the Oklahoma Department of Corrections and the State of Oklahoma.

2. Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 15) is **granted**.

3. Petitioner's motion for equitable tolling (Dkt. # 18) is **denied**.

4. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice.**

5. A separate judgment shall be entered.

6. The Clerk shall send a copy of this Opinion and Order to the Tenth Circuit Court of Appeals.

DATED THIS 16th day of November, 2007.

TERENCE KERN
UNITED STATES DISTRICT JUDGE